IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT DAHLEN,                                    Civ. No. 06-1122-AA

          Plaintiff,                             OPINION AND ORDER

     v.

CITY OF BEND, a municipal
corporation,

          Defendant.
_____

William G. Wheatley
Jaqua & Wheatley, LLC
825 E. Park St.
Eugene, OR 97401
     Attorney for Plaintiff

Robert E. Franz, Jr.
Elizabeth S. Moseley
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, OR 97477
     Attorneys for Defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Scott Dahlen filed suit against the City of Bend ("the City") in both state and federal court, asserting various claims related to the City's alleged interference with his attempts to develop two parcels of land. Plaintiff's federal claims, brought pursuant to 42 U.S.C. § 1983, allege deprivation of his procedural due process, substantive due process, and free speech rights. Plaintiff's state law claims alleged temporary takings under both the Oregon Constitution and the U.S. Constitution. In May 2011, a jury rendered a verdict as to plaintiff's state law takings claims, and judgment was issued in favor of the City. The City now moves for summary judgment on grounds that the state court judgment precludes plaintiff's § 1983 claims. Alternatively, the City argues that issue preclusion bars plaintiff from re-litigating issues resolved by the state court jury. For the reasons explained below, defendant's motion is granted with respect to claim preclusion.

## FACTUAL BACKGROUND

In April of 2003, plaintiff entered into a purchase agreement with Broken Top Limited Partnership for two adjacent parcels of land in the Bend area: 18-11-01-100 ("Tax Lot 100") and 18-11-01A-6900 ("Tax Lot 6900"). Plaintiff subsequently commenced development activities, including payment of property

2 - OPINION AND ORDER

taxes, applying for water and sewer permits, conducting surveys, and obtaining engineering consultations on both parcels.

On August 5, 2004, the Bend City Council issued a cease-and-desist letter to plaintiff, citing two impediments to development: (1) Tax Lot 100 was a natural landscape buffer, and (2) it was not a legal lot of record. In response, plaintiff initiated a City hearings process to determine the status of Tax Lot 100. On June 7, 2006, a City Hearings Officer stated that while Tax Lot 100 was a legal lot of record, he did not have the authority to resolve the question of whether Tax Lot 100 could be developed.

On August 4, 2006, plaintiff filed suit against the City in federal court under 42 U.S.C. § 1983, alleging deprivation of substantive and procedural due process, and violation of his free speech and equal protection rights. Plaintiff's claims are based on the City's refusal to process his applications, and its alleged retaliation against his efforts to develop his land.[1]

In 2007, plaintiff submitted an application to build residences on Tax Lot 100. However, as City planners remained unsure as to whether Tax Lot 100 could be developed, the City

---

[1] In 2009, I granted the City's motion for Summary Judgment on plaintiff's equal protection claim because plaintiff had not presented sufficient facts to prove that he was treated differently from others similarly situated, or that the City had acted without a rational basis.

returned plaintiff's application unprocessed.     City planners
requested a declaratory ruling from a City hearings officer as
to  whether  Tax  Lot  100  was  a  natural  landscape  buffer.
Plaintiff participated in the hearings process, which resulted
in an August 8, 2007 declaratory judgment that the relevant
planning documents had reserved Tax Lot 100 as a landscape
buffer which could not be developed.     After an unsuccessful
attempt to appeal to the City Council, plaintiff appealed to the
Land Use Board of Appeals ("LUBA").    On November 21, 2008, LUBA
reversed the officer's decision on the basis that the relevant
documents did not identify the lot as a buffer.

Meanwhile, on December 31, 2007, plaintiff filed suit in
Deschutes County Circuit Court, alleging claims for temporary
takings  under  both  the  Oregon  Constitution  and  the  U.S.
Constitution.

On January 14, 2010, plaintiff filed a motion in this court
to join his takings claims with his § 1983 claims.    The City did
not oppose consolidation.     I denied the motion because state
court remedies remained unexhausted as to plaintiff's takings
claim.[2]  I also advised plaintiff that it would conserve judicial
resources if plaintiff brought his § 1983 claims in state court.

_____

[2] See Williamson County Planning Comm'n v. Hamilton Bank of
Johnson City, 473 U.S. 172 (1985) (holding that a plaintiff
asserting a takings claim must exhaust state court remedies
before seeking adjudication in federal court).

However, plaintiff felt it "more appropriate to resolve the [§ 1983] claims in federal court because the [takings claims were] already scheduled for trial beginning on April 10, 2010." Mem. in Opp'n, p. 4. Thus, plaintiff went forward with concurrent suits in state and federal court.

In April 2011, a state court jury ruled that plaintiff was not entitled to relief on his temporary takings claim because he is not the owner of Tax Lot 100, and judgment in favor of the City was entered on May 19, 2011. The City now moves for summary judgment on grounds that plaintiff's § 1983 claims are precluded by the state court judgment.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is merited when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## DISCUSSION

The City asserts that plaintiff's federal § 1983 claims are precluded by the state court judgment, because plaintiff could have brought them in his state court action. Alternatively, the City argues that issue preclusion bars plaintiff from asserting a property interest in Tax Lot 100. I find that plaintiff's federal claims are barred by the doctrine of claim preclusion.

5 - OPINION AND ORDER

The Supreme Court has ruled that a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment is rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (citing Allen v. McCurry, 449 U.S. 90, 96 (1980)). In Migra, a discharged schoolteacher sought relief in federal court after obtaining judgment in state court on a related matter. Id. at 78-79. The Ohio district court reasoned that because the state and federal claims could have been brought in a single proceeding, allowing the plaintiff to bring a second suit would unnecessarily squander both the defendant's and the court's resources. Id. at 84-85. Moreover, the court stated that according to 28 U.S.C. § 1738,[3] it is "more important to give full faith and credit to state-court judgments than to ensure separate forums for state and federal claims." Id. at 84. As a result, the court held that the plaintiff was precluded from bringing a second suit. Id. at 85. Accordingly, this court must give plaintiff's state court judgment the same preclusive effect that it would have in an Oregon state court.

---

[3] 28 U.S.C. § 1738 implements the Full Faith and Credit Clause of the U.S. Constitution, stating that "judicial proceedings [of any State, Territory, or Possession of the United States]… shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.

6 - OPINION AND ORDER

Federal courts apply state preclusion law in determining whether claim preclusion applies. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Oregon courts apply claim preclusion when the case at issue "is based on the same factual transaction that was at issue in the first [case], seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." Rennie v. Freeway Transport, 294 Or. 319, 323, 656 P.2d 919 (1982) (emphasis added). In Rennie, after an action for fraud led to a judgment in a federal court, the state court granted a motion for summary judgment on a similar pending matter, finding the claim barred by the federal court judgment. Id. at 322, 328, 656 P.2d 919. Thus, defendant contends that plaintiff's federal claims are now barred because they are based on the same factual transaction as plaintiff's state law claim and could have been brought in plaintiff's state court action.

Plaintiff does not contest that his federal and state claims arose from plaintiff's attempts to develop Tax Lots 100 and 6900, and that each case seeks alternative remedies. Rather, plaintiff disputes whether the two actions could have been joined.

Plaintiff argues that because his federal action was filed first, plaintiff must have had the opportunity to join his state law claims with his federal claims for claim preclusion to

7 – OPINION AND ORDER

apply. In other words, plaintiff maintains that judgment in his second state action cannot bar the claims in his first federal action unless he could have brought all claims in the federal action. Thus, plaintiff states that because this court declined to grant his Motion to Consolidate, he could not have joined his state law claims in federal court and claim preclusion does not apply.

The issue becomes whether the order in which plaintiff's federal and state actions were filed is significant, or whether it is the order of the judgments that matters. Relevant precedents prohibit subsequent claims after a final judgment is entered in a related action, regardless of the order in which the actions were filed. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); see also Sidag, A.G. v. Smoked Foods Prods. Co., 776 F.2d 1270, 1274 (5th Cir. 1985) (stating that "defendant [should not be] required to defend … additional or multiple cases, free from the protection of [claim preclusion], simply because the plaintiff chose to file them piecemeal at the same time rather than in succession").

For example, in Hawkins the plaintiff filed a § 1983 claim against the state of Montana, followed by a separate petition for a writ of habeas corpus. Hawkins, 984 F.3d at 322-23. After the habeas petition was denied, the district court dismissed the § 1983 claims on the grounds that they were

precluded. Id. at 323. The Ninth Circuit agreed, reasoning that "the date of judgment, not the date of filing, controls the application of [preclusion] principles." Id. at 324 (quoting Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 761 (9th Cir. 1988)).

Further, claim preclusion is meant to prevent a plaintiff from "splitting a claim into multiple actions against the same opposing party." Bloomfield v. Weakland, 224 Or. App. 433, 442, 199 P.3d 318 (2008). Thus, as a policy matter, a plaintiff should seek relief in a single action to avoid forcing defendants to defend against multiple suits. See Dean v. Exotic Veneers, 271 Or. 188, 192, 531 P.2d 266 (1975). Indeed, Oregon courts have shown a strong preference against claim-splitting:

> It may have been plaintiff's preference to split his claim into the state and federal law components and to try them each separately, but his unilateral claim-splitting and the consequent multiplicity of lawsuits the defendants were obligated to defend is precisely the evil sought to be avoided by the [claim preclusion] doctrine.
>
> We are convinced that the better rule, the one more consonant with the policies behind [claim preclusion], is that a plaintiff must attempt to have all claims against a defendant arising out of one transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law.

Rennie, 294 Or. at 327, 656 P.2d at 924. Thus, even though plaintiff was foreclosed from pursuing all of his claims in federal court, plaintiff could have brought his § 1983 claims in

9 - OPINION AND ORDER

state court. Plaintiff presents no evidence that he could not have done so.

Moreover, plaintiff does not have an absolute right to a federal forum, and federal constitutional claims are no exception. San Remo Hotel, LP v. City & County of San Francisco, 545 U.S. 323, 342-43 (2005); see Adam Bros. Farming v. County of Santa Barbara, 604 F.3d 1142, 1149-50 (citing San Remo, 545 U.S. at 342). In San Remo, the court stated:

[I]ssues decided in state court judgments may well deprive plaintiffs of the 'right' to have their claims adjudicated in federal court…[e]ven when the plaintiff would have preferred not to litigate in state court, but was required to do so by statute or by prudential rules.

San Remo, 545 U.S. at 342; see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 365 (9th Cir. 1993) (acknowledging that applying claim preclusion in such a way may deprive plaintiffs of a federal forum for takings claims).

The Third and Eighth Circuits have adopted this approach as well. The Third Circuit found federal claims barred by claim preclusion when a developer challenged a sewer moratorium by filing successive takings and due process claims in state and federal court. Peduto v. City of North Wildwood, 878 F.2d 725, 726-27, 729 (3d Cir. 1989). The Third Circuit reasoned that:

Apellants have exhausted their state claims, which, under Williamson, is a necessary predicate to their federal cause of action; but in doing so, they received a full and fair adjudication of their

10 - OPINION AND ORDER

constitutional claims against the City in State court.
Due process guarantees them no less, but entitles them
to no more.

Peduto, 878 F.2d at 729.

The Eighth Circuit barred takings and related due process
claims on the same grounds. Knutson v. City of Fargo, 600 F.3d
992, 999 (8th Cir. 2010). In Knutson, the plaintiffs filed a
state-law takings claim in state court, followed by a Fifth
Amendment takings claim and Fourteenth Amendment due process
claim in federal court. Id. at 994-95, 997. The court ruled
that the federal claims were precluded by the state court
judgment. Id. at 998-99 (citing San Remo, 545 U.S. at 342). It
reasoned that the plaintiffs could have raised their claims in
the state court and were therefore barred from pursuing federal
claims based on the same underlying factual circumstances. Id.
at 999.

Plaintiff nevertheless analogizes this case to Rennie,
where a state court held that a plaintiff was precluded from
litigating his state court claim, brought concurrently in
federal court, because he had not attempted to join the two
actions. Rennie, 294 Or. at 326-27, 656 P.2d 919. The court
reasoned that "where a plaintiff has a colorable right to invoke
the pendent jurisdiction of the federal court, he or she is
obligated to at least attempt joinder or else face preclusion in
a subsequent state court action based on that claim." Id. at

11 - OPINION AND ORDER

326. Plaintiff argues that because he did seek joinder in federal court and was denied, his federal action is not precluded because he could not have brought his claims in one forum.

While plaintiff did seek joinder of his state court claims in his federal action, the facts here do not support plaintiff's application of Rennie.[4] In Rennie, the federal judgment was entered first, and the state court found that claim preclusion barred the related state claims because they could have been joined in the federal action. Rennie, 294 Or. at 326-27. Here, the state court judgment was issued first, and plaintiff could have joined his federal claims with that action. State courts have jurisdiction to hear § 1983 claims; indeed, Oregon courts have heard such cases a number of times. See, e.g., Nelson v. Emerald People's Utility Dist., 318 Or. 99, 862 P.2d 1293 (1992) (allowing a § 1983 suit to contest an employer's decision to terminate an employee, allegedly due to her pregnancy). Plaintiff did not seek to join his federal claims with his state court action, and therefore the reasoning in Rennie supports the application of claim preclusion.

---

[4] The Rennie court was careful to emphasize that this was not a case where a request for joinder had been made, and been declined by the federal system. Id. at 328. Likewise, if plaintiff had unsuccessfully attempted to bring his § 1983 claims in his state court action, the result might be different in this case.

I also counseled plaintiff to join his § 1983 claims in state court so that one court could resolve all of his claims. Plaintiff chose not to do so and ran the risk that claim preclusion would bar his federal claims. Thus, the situation resembles the circumstances in Knutson, Peduto, Migra, San Remo, and Adam Bros, in that the plaintiff could have filed his federal claims in state court and is now barred from pursuing them in federal court.    Knutson, 600 F.3d at 994-95, 997; Peduto, 878 F.2d at 726-27, 729; Migra, 465 U.S. at 78-79; San Remo, 545 U.S. at 342-43; Adam Bros., 604 F.3d at 1149-50. While the plaintiff may desire a federal forum for his federal claims, he already had his chance at a full and fair hearing in state court, and chose not to avail himself of that chance. Allowing this suit to go forward would bring about the very policy concerns claim preclusion seeks to avoid.

Plaintiff also contends that claim preclusion does not apply because the state court judgment was not rendered on the merits. Case law supports plaintiff's assertion that judgments not rendered on the merits are not subject to claim preclusion. Rennie, 294 Or. 319, 330-31, 656 P.2d 919; see also Sibold v. Sibold, 217 Or. 27, 31, 340 P.2d 974 (1959) (second claim was barred because it involved a voluntary motion to dismiss by the plaintiff, and first claim had been adjudicated on the merits); Swingle v. Medford Irr. Dist., 121 Or. 221, 223, 253 P. 1051

13 - OPINION AND ORDER

(1927) (claim was not barred because it involved a motion to set aside, not a judgment). A judgment is not on the merits when it is "wholly procedural." Rennie, 294 Or. at 330, 656 P.2d 919. The Rennie court enumerated such situations, listing "[dismissals as a result of] improper venue, lack of jurisdiction, or nonjoinder of an essential party" as examples. Id. at 330-331, 656 P.2d 919. When determining whether a final judgment was on the merits, the court must consider: "Was opportunity given for consideration on the merits and was the matter so considered? Was there an appealable ruling? Was the issue disposed of on its merits? If so, the issue is [precluded]." Sibold, 217 Or. at 32-33, 340 P.2d 974.

Plaintiff maintains that the state court judgment was not on the merits because the jury ruled in favor of the defendant for procedural reasons; i.e., plaintiff was not the owner of Tax Lot 100. The City ripostes with the claim that dismissals are not subject to claim preclusion, but that judgments, including the judgment in plaintiff's state court action, are. See Restatement (Second) of Judgments § 20. Again, the City's reasoning is persuasive.

Unlike Sibold and Swingle, both of which involved a motion to dismiss, plaintiff's state action was pursued all the way to a final, appealable judgment. The jury ruled in the City's favor and a judgment was entered based on plaintiff's lack of

14 - OPINION AND ORDER

ownership of the land.  Plaintiff's ownership of the land is an
essential element of a Fifth Amendment takings claim, not a
procedural hurdle akin to the motions to dismiss listed in
Sibold and Swingle.  The state court judgment was decided on the
merits, and is thus conclusive.

As a result this court is convinced that the policy
concerns associated with claim-splitting, as well as plaintiff's
failure to bring all of his claims in state court, favor
preclusion.  Were this court not to rule in such a manner, it
would sanction the policy problems claim preclusion seeks to
avoid.

## CONCLUSION

For the reasons given above, the City's Motion for Summary
Judgment (doc. 218) is GRANTED.

IT IS SO ORDERED.

Dated this /7 day of October, 2011.

Ann Aiken
United States District Judge

15 - OPINION AND ORDER